## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>        Plaintiff,<br><br>vs.<br><br>**DONOVINE MANUEL SABLAN,**<br>DOB: 06/05/1991 *or* 12/11/1991<br><br><br>        Defendant. | Criminal Case No. CF0183-13/CF0055-<br>18/CF0160-20<br>GPD Report No.: 13-10111/18-02796/20-06798<br><br><br>**DECISION & ORDER**<br>(Revocation of Probation) |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on January 25, 2024, for a Revocation Hearing. Alternate Public Defender Peter Santos appeared for Donovine Manuel Sablan ("Defendant"). Assistant Attorney General Kristine Borja appeared for the People of Guam ("People"). After taking the matter under advisement on January 25, 2024, the Court now issues the following order **GRANTING** the People's request to revoke Defendant's probation.

### BACKGROUND

On June 30, 2020, Defendant pled guilty to the following charges:

- In **CF0160-20**, through an information, the *First Charge* of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony).**
- In **CF0160-20**, through an information, the *Second Charge* of **RESISTING AREST (As a Misdemeanor).**
- In **CF0055-18**, the *First Charge* of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony).**

Plea Agreement, June 30, 2020.

Page 1 of 8

Based on the terms of the plea agreement, the Court sentenced Defendant to the following:

- **CF0160-20**: As to the *First Charge* of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, the Defendant is sentenced to **three (3) years** of imprisonment, all but **ninety (90) days suspended**, with credit for time served.
- **CF0160-20**: As the the *Second Charge* of **RESISTING ARREST (As a Misdemeanor)**, the Defendant is sentenced to **one (1) year** of imprisonment, **all suspended**, with credit for time served, *to run concurrently with the First Charge in CF0160-20*.
- **CF0055-18**: As to the *First Charge* of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, Defendant is sentenced to **three (3) years** of imprisonment, **all suspended**, with credit for time served, *to run concurrent with CF0160-20*.
- **CF0183-13**: Defendant stipulates that in **CF0183-13**, the court will accept his plea of GUILTY and enter judgment. Defendant is sentenced to **three (3) years** of imprisonment, **all suspended**, with credit for time served, *to run concurrent with CF0160-20*.

*Id.* The Defendant was also sentenced to **five (5) years** of probation under the supervision of the Probation Office, which shall **run concurrent with the probation to be served in CF0183-13**. *Id.* The Court imposed the following conditions:

1. Defendant shall submit to random drug and alcohol testing under the supervision of the Probation Office. *Id.* at 3.

2. Defendant shall serve **one hundred fifty (150) hours** of community service, **to run concurrent in CF0160-20, CF0055-18, and CF0183-13**. *Id.* at 4.

3. Defendant shall enroll and attend a drug rehabilitation program under the supervision of the Guam Behavioral Health and Wellness Center at no cost to Defendant. Defendant shall report within **seventy two (72) hours**. *Id.* at 3.

4. Defendant shall report to Probation Services at least three times per week or as ordered by the Court, and at those times will take a drug test if requested. Failure to take a requested drug test will be considered a probation violation. *Id.* at 3.

5. Defendant shall not possess or consume any illegal controlled substances. *Id.*

6. Defendant shall stay away from all firearms and other deadly weapons and shall not apply for one if Defendant does not have one. *Id.* Defendant shall forfeit Defendant's Guam Firearm Identification Card if Defendant has one and shall not apply for one if Defendant does not have one. *Id.*

7. Defendant shall obey all local and federal laws, and shall not associate with any persons known to Defendant as felons. *Id.*

8. Defendant was required to pay a **fine of $5,000,** *for each charge* plus non-convertible court costs of **eighty (80) dollars.** The fines **shall run concurrent with each other, and the fine in CF0183-13 shall run concurrent with the above fines.** *Id.*

Subsequently, Adult Probation Services ("Probation") filed six violations against the Defendant for probation violations, with the sixth violation involving a criminal charge resulting in the Court issuing a Commitment Order. The following violations were filed:

1. On July 10, 2020, Probation filed a violation against the Defendant for failure to appear for intake and processing on July 10, 2020, and failure to report to the Probation Office three (3) times per week.

2. On August 7, 2020, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times a week via telephone and had yet to appear for intake and processing.

3. On June 3, 2021, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times per week via telephone. All attempts to contact the probationer were unsuccessful.

4. On January 4, 2022, Probation filed a violation against the Defendant for failure to obey all laws of Gaum. On January 2, 2022, a magistrate complaint was filed against the defendant for the charges of Theft by Receiving (As a Second Degree Felony) and Vehicle without Identification (As a Misdemeanor) in CF0001-22.

5. On August 22, 2022, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times per week after being released from the Department of Corrections on August 9. 2022, by Judge Alberto E. Tolentino. A home visit was conducted on August 16, 2022, and the Defendant was instructed to report to the Probation Office.

6. On December 20, 2023, Probation filed a violation against the Defendant for: failure to obey all laws of Guam. On December 19, 2023, a magistrate complaint was filed against the Defendant for the charge of Retail Theft (As a Misdemeanor) in CM0420-23.

On January 25, 2024, the Court held a revocation hearing, and the People requested the Court revoke Defendant's probation. Minute Entry, January 25, 2024. At the revocation hearing, the Court took the matter under advisement. *Id.*

## DISCUSSION

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that may it have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

**A. Defendant violated his conditions of probation.**

The standard for determining whether a probationer violated a condition of his probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing and listening to the testimony of Probation Officer Titus Taitano at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of his probation on several occasions.

## B. Whether Defendant's violation of Probation warrants revocation.

The Supreme Court of the United States has stated that with regard to probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983) (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant entered into the Plea Agreement over four years ago and has not only failed to make substantial progress towards completing his probation conditions, but has picked up two new criminal cases since agreeing to the terms of the plea agreement. Obeying the laws of Guam is one of the fundamental conditions a probationer must follow, and Defendant has demonstrated that they are incapable of fulfilling even this most basic requirement. If

Defendant were to benefit from probation, he would have made greater progress towards completing his treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to probation and has committed new criminal offenses.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's absence from reports frustrates the purpose of seeking recovery. The intent of the probation condition that Defendant "obey all laws" is to protect the public. Defendant's actions in the Superior Court of Guam Criminal Case Nos. CF0001-22 and CM0420-23 endangered the public. Thus, it is clear to the Court that Defendant's violations upset the intent of his probation conditions.

Although Defendant's probationary period has not expired, he has made little progress on his probation conditions and committed new criminal offenses. Defendant had four years to demonstrate to the Court that he can make progress on his probation conditions. Instead, he chose to put forth minimal effort in completing his probation conditions and commit new criminal offenses. Defendant cannot build a better life without the tools to do so. Accordingly, it is in Defendant's best interest for the Court to revoke probation, which will also help Defendant receive credit in his other criminal cases.

\\

\\

\\

\\

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's request to revoke Defendant's probation. Defendant's probation is hereby revoked and Defendant is sentenced to three (3) years imprisonment at the Department of Corrections, Mangilao, with credit for time served. The Court orders the other terms of Defendant's Plea Agreement and Judgement of Conviction waived.

SO ORDERED, *Nunc Pro Tunc* to January 25, 2024, this _____ AUG 0 5 2024 _____, 2024.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, APO

8/7/24   3:52pm
Date        Time
Antonio Cruz
Deputy Clerk, Superior Court of Guam